27 So.2d 697

**LINGO v. GULF LIFE INS. CO.**

4 Div. 950.

Court of Appeals of Alabama.

Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

A. M. McDowell, of Eufaula, for appellee.

CARR, Judge.

This cause was submitted in the court below on the following agreed statement of facts:

"Come the parties to this suit, by and through their respective Attorneys of Rec-

Archie I. Grubb and Grady G. Cleveland, Jr., both of Eufaula, for appellant.

ord, and waive a trial by jury of this cause as heretofore demanded by the plaintiff, and agree that said cause be submitted to the Court for adjudication upon the following agreed statement of facts as evidence.

"The plaintiff is and has been continuously since before April 23, 1944, a resident citizen of the City of Eufaula, Barbour County, Alabama. The defendant is now a foreign corporation incorporated under the laws of the State of Florida and has been such foreign corporation continuously since before April 23, 1944, and is now doing and has continuously since before April 23, 1944, done business by agent in the City of Eufaula, Barbour County, Alabama.

"The defendant issued its policy number 7150971 to plaintiff on June 26, 1939, which said policy is attached hereto and by agreement made a part of this statement of facts and of the record in this cause and offered in evidence by plaintiff. It is agreed that in addition to the facts herein set forth said policy is a part of the evidence in this cause and that said cause is submitted for adjudication upon said policy as well as said agreed statement of facts.

"That said policy was in full force and effect on April 23, 1944, and specifically at the time the cause of action sued on arose.

"That on, to-wit, the 23rd day of April, 1944, the plaintiff was operating his automobile truck on a trip from Eufaula, Alabama, to Mobile, Alabama, when at a short distance out of Slocomb, Alabama, the fan belt on said truck broke and caused the truck's motor to run hot; that upon entering Slocomb, Alabama, plaintiff stopped his truck on the public road or highway, purchased a new fan belt and replaced the broken one; plaintiff thereupon ascertained that the water hose had also broken and while said truck was standing still on said public road or highway and while the said repairs were being made the said automobile truck was parked on the side of the highway, the engine or motor was cut off, and the said automobile truck was not in motion at the time of injury, and plaintiff was standing beside the truck on said public road or highway

repairing or replacing said water hose the door of the cab of his truck was blown by the wind and struck him in the right eye causing bodily injuries to him and as a result thereof he lost the entire sight of his right eye.

"That plaintiff's automobile truck was the type or kind of vehicle propelled by gasoline and was in fact being propelled at the time said repairs were being made or at the time the injury occurred. That the reason for the stop at Slocomb, Alabama, was on account of the defective fan belt or water hose and that the purpose of the stop was to repair or replace them so that plaintiff could continue his trip to Mobile.

"That the injury to plaintiff's right eye was the result of an accident and was not intentional on the part of the plaintiff. That at the time the door struck plaintiff's eye it was attached to and a part of the body of the automobile truck itself and said door actually came in physical contact with plaintiff's right eye and that said door was not detached from said truck at this time, and at said time the automobile truck was parked and not in motion.

"That plaintiff lost the sight of his right eye as the direct result of said door striking him in his eye. That he was standing on a public highway in Geneva County, Alabama, when said door so struck him in his right eye. That his said automobile truck was parked and not in motion on a public highway in Geneva County, Alabama, at the time said door struck plaintiff in the right eye.

"The defendant had due notice of plaintiff's injury and of the facts in connection therewith prior to the filing of the complaint in this cause, and defendant denied liability under the terms and conditions set out in said policy."

The policy in question contains the following provision:

"The Gulf Life Insurance Company hereby insures the person named in said schedule against the result of bodily injuries received during the time this policy is in force, and effected solely by external, violent and accidental means strictly in

528

the manner hereby stated, subject to all the provisions and limitations hereinafter contained, as follows:

"If the insured shall be struck by actually coming in physical contact with the vehicle itself and not by some object struck and propelled against the person by said vehicle, which is being propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power, while the insured is walking or standing on a public highway * * *."

The controlling question on this appeal revolves around the correct construction of the clause: "which is being propelled by * * * gasoline." The plaintiff below takes the position that the term is descriptive only of the kind of vehicle used. The defendant in the lower court contends that it relates to the mobility of the vehicle, that *at the time of the injury* it must be actually in motion—"being propelled" by some motive power or force resultant from the use of gasoline.

The trial judge took the view stressed by the defendant and entered judgment accordingly. This appeal followed.

■ The instant policy "provides benefits for loss of life, limb or sight by accidental means to travelers or pedestrians subject to conditions herein stated." It was issued upon consideration of a weekly premium of ten cents, and expressly limits the right of recovery within narrow bounds. The accident or injury, therefore, must come clearly within these limitations. Continental Life Ins. Co. v. Malott, 89 Ind. App. 263, 166 N.E. 15.

■ Insurance contracts must be interpreted in keeping and consonant with the evident intention of the contracting parties as gathered from the instrument in its entirety. The rule that doubtful and uncertain terms must be construed favorably to the insured does not afford an occasion to base an ambiguity, if the language used therein will not warrant a strained construction. In other words, the courts cannot make new and different contracts for parties, but must enforce the agreements with careful reference to the expressed conditions and terms. Rodgers v. Commercial Casualty Ins. Co., 237 Ala.

301, 186 So. 684; Miller v. Liberty National Life Ins. Co., 243 Ala. 250, 9 So.2d 132.

So far as we are able to find, the instant inquiry, in factual similarity, has not been before the appellate courts of this State.

In Cross v. Maryland Casualty Co., D.C., 30 F.Supp. 925, 926, the court had under consideration the construction of the following limitation in a policy: "This policy does not cover an automobile while it is being used for towing or propelling any trailer or any vehicle used as a trailer." The author of the opinion observed: "It must be granted that the question is difficult, but I am unable to find in the word 'towing,' or the word 'propelling,' any meaning which justified inaction—or at rest. They are both active and mean movement—motion." The facts disclose that a truck, with trailer attached, had stopped on the pavement of the highway. While the vehicle was thus at rest, the car in which the plaintiff was riding struck it. Recovery for the injury was allowed on the theory that the truck was not at the time "towing" or "propelling" the trailer.

In appellant's brief is cited the case of Life & Casualty Ins. Co. of Tennessee v. Kinney, 206 Ark. 804, 177 S.W.2d 768, 770. We have given careful study to this opinion. It appears that two of the justices indicated their dissent, but without recording their reasons therefor. We are unable to accord logic and reason to the conclusions of the majority.

It is true "that a 'which' clause is usually used to describe, modify, or limit the preceding subject, and is not used to indicate the time of the event," but we are called upon here to construe the meaning of the whole clause. It appears to us that the writer of the opinion overlooked the significance and purport of the words "is being propelled." This view is emphasized when the opinion is analyzed and studied.

"The word 'being' is equivalent to which is." " 'Being' imports present time * * *." 5 Words and Phrases, Perm. Ed., p. 223.

The word "propel" is defined in Webster's New International Dictionary: "To impel forward or onward by applied force

as a ship directly by the wind or a trolley car indirectly by electricity; to drive; push."

What are the reasonable and accepted meanings of expressions such as: The ship which is being propelled by wind sails; the boat which is being propelled by a gasoline engine; the skiff which is being propelled by oars; the streetcar which is being propelled by electricity; the automobile which is being propelled by gasoline. The impression would inevitably follow that the described conveyances are in motion—are moving—at the time to which reference is made, and that their mobility is the resultant of the indicated force or power.

We cannot escape the conclusion that in the instant policy, by the use of the clause "which is being propelled by * * * gasoline," it was intended to mean that *at the time of the injury* the vehicle must be impelled forward or backward by power generated by gasoline. Our task is to construe the term as it is understood and taken in plain, ordinary and popular usage, and no other construction is fairly warranted.

The nisi prius court reached the correct conclusion, and his judgment is ordered affirmed.

Affirmed.