DORE, Judge.
Mary Patin, as the beneficiary of an accidental life insurance 'policy which was issued to Joseph Johnson on April 30, 1934, by the defendant, the Life & Casualty Insurance Company of Tennessee, sued the defendant, alleging that the said defendant was indebted unto her in the sum of $1,000, under the terms and conditions of the said insurance policy, because of an accident which happened while Joseph Johnson was working in a ditch on the Scenic Highway in the Parish of East Baton Rouge, at or near the refinery of the Standard Oil Company, during the course of and in the scope of his employment by T. L. James & Co., Inc., in completing its contract for the repair of said highway with the Department of Highways of Louisiana. She alleges that the said Joseph Johnson “was accidentally crushed to death when the bank of said ditch was pushed in on him by a large vehicle propelled by gasoline passing on said highway at said time and place.” She further alleges “that said Scenic Highway, at the time and place, was opened and actually being used by the public generally for vehicular traffic.” The policy of insurance was annexed and made a part of the petition.
Defendant filed exceptions of no cause and no right of action which were referred to the merits and subsequently overruled. Thereafter, defendant answered. In its answer, the defendant admits the issuance of its policy to Joseph Johnson in which, subject to the terms, conditions and provisions therein contained, it agreed to pay the designated beneficiary therein named, the sum of $1,000 in the event that Joseph Johnson was accidentally killed, under circumstances that were within the coverage and meaning of said policy of insurance. They admit that Joseph Johnson was killed, while working for his employer in a sewerage ditch being dug along the extreme eastern side of the Scenic Highway (off of main traveled portion of said highway); otherwise, it denies that the accidental death of Joseph Johnson was caused in any manner by a gasoline propelled vehicle passing along said highway at the time and place this accident occurred. It denies that the Scenic Highway, at the time and place, was opened and actually being used by the public generally for vehicular traffic, but avers that at the time this accident occurred, the Scenic Highway was under construction and was closed to heavy traffic; that the only traffic permitted was vehicles of a small type or class, and at the time this accident occurred, those vehicles which were permitted to proceed along said highway were required to move slowly along the extreme western side thereof, the eastern side being closed to traffic of all types. In further answer, defendant denies any liability unto plaintiff for the reason that under its policy it has no obligation whatever to pay plaintiff the amount sought to be recovered in that the said Joseph Johnson did not meet his death by coming “in physical contact”-with the large vehicle alleged to have been passing along said highway.
The trial on the merits resulted in a judgment, with written reasons assigned, overruling the exceptions of defendant and dismissing plaintiff’s suit. Plaintiff has appealed.
In this court, defendant is re-urging its exceptions. In the beginning, we may state *220 that we find merit in the exceptions. However, having reached the conclusion that the judgment rendered by the trial judge, on the merits, is correct, we find it unnecessary to discuss and pass upon, these exceptions. '
The policy of insurance involved in this case is called an “industrial and pedestrial policy.” The death benefit is $1,000, the weekly premium being 5‡. The policy covers “bodily injuries received and effected solely by external, violent and accidental means strictly in the manner hereafter stated subject to all the provisions and limitations hereinafter contained, as follows:
“If the injured shall be struck by actually coming in physical contact with the vehicle itself and not coming in contact with some object loaded oh or attached thereto, or some object struck and propelled against the person by said vehicle, which is being propelled by steam; cable, electricity, naptha, gasoline, horse, compressed air or liquid power, while the insured is walking or standing on a public highway, * * which term, Public Highway, shall not include any Public Highway which although dedicated to the public has not in fact been officially opened to the public generally for vehicular traffic.”
The policy further provides that; “The premium charged in this policy has been adjusted to the liability assumed by placing therein various conditions, exceptions and limitations, and it is the intention of the parties that each of these limitations, exceptions, and conditions are to be literally construed, that none of them are to be stricken out, or ignored or disregarded in its interpretation, either on the ground that they are ambiguous or wholly or partially or substantially repugnant or for any other reason, but each is to be given its full and literal meaning, it being further understood by the parties that the said premium will buy only such protection as the terms of the policy literally show.”
The premium paid was 5‡ weekly.
■ The' trial judge, in his reason for judgment, states:
“The facts in the case are more or less indisputed and the Court finds them to be as follows:
“During the spring and summer óf 1948 the Scenic Highway was being repaved and widened into a four lane highway or street. A part of that work required the installation of underground storm sewerage and plaintiff was engaged in assisting in the digging of a ditch approximately 8 feet deep along the east side of the highway for the purpose of installing this underground storm sewerage. While in this ditch on the 17th day of June, 1948, the ditch caved in on him and crushed him to death. The ditch was dug by a mechanical ditch digger and Johnson’s job was to give the operator of this digger a level from time to time when required to do so. At the time he was crushed the digger had been stopped, the boom swung to the side of the ditch, and Johnson was in the ditch giving the operator this level. The dirt from the ditch was piled to the west of the ditch and took a space of approximately one traffic lane. To the west of this one way traffic was allowed to proceed at intervals in the northward and southward direction. This was necessary due to the fact that the operations were in front of the Esso Standard Oil gate and it was necessary for people to get in and out of the Standard Oil Refinery, and for the’ further reason that the vehicles which were used in the construction of the road itself necessarily had to ply back and forth. It was shown that the old concrete of the highway was being broken up for the widening process and that these concrete chunks were being hauled out .all along this one way traffic lane. It is the contention of the plaintiff that one of these vehicles in passing caused the ground to vibrate and cave in and crush the insured.
“Two questions arise in this connection. The first is, Would this action on the part of the vehicle constitute and come within the provision of the policy which plainly reads ‘or some object struck and propelled against the person by said vehicle’?. The second question is, Assuming that the provision of the policy is broad enough to *221 cover the situation as contended for by plaintiff, did the plaintiff establish that the caving in resulted from vibration caused by a vehicle which was passing at the time of the unfortunate accident?
“This Court believes that both of these questions must be answered in the negative, and contrary to the plaintiff’s contentions. The Court believes that the provision of the policy would only include some object being struck and propelled directly by the vehicle. In other words, if this truck had come along and had struck this spoil and caused it to strike the insured and crush him, that would be within the meaning of the policy, as some other object having been actually struck and propelled against the insured. The Court does not believe that the provision is broad enough to include a mere vibration which would then cause the caving in of a ditch. The Court feels certain that no' such far reaching interpretation was intended by the insurer or insured.
“However, even if that question should be answered in the affirmative, which the Court does not believe is proper, this Court is of the opinion that the plaintiff failed to establish by a preponderance of evidence that any truck or any vehicle was the direct cause of this ground caving in and crushing the insured. It is true that some of the witnesses testified that they felt the earth tremble from time to time as these vehicles would pass by, and it is further true that some of these witnesses testified positively that such would have a direct effect upon the ditch caving in. However, none of the witnesses are in a position to state positively that at the time this particular cave-in occurred that any vehicle was passing the point where the insured was crushed. None of the witnesses could even say positively that they felt the ground being shaken at this particular moment. The testimony indicates that the soil here was what is called a ‘poor type’. It was described as ‘mealy and crumbly’. The ditch was alongside an old sewer line and the spoil from the ditch was piled along its edge. As was shown by the testimony of Mr. George Stevenson, the Department of Highways engineer on this job, many factors must be taken into consideration in deciding what caused this dirt to cave, such as the type of the soil, the moisture content, this old sewer line, the weight of the spoil, and others.
“Accordingly, the Court is clearly of the opinion that- plaintiff failed to establish by a preponderance of the evidence that the insured was. struck and killed by • some object struck and propelled against him by a motor vehicle.”
After a careful examination of this record, we are firm in our conviction that the trial judge has correctly stated the facts in this case and we do not find any reversible error in his holding that under these facts the plaintiff has failed to bear the burden of proof showing liability in defendant under the policy. It is to be noted that plaintiff, in her attempt to recover, specifically, and unqualifiedly alleged that Joseph Johnson “was accidentally crushed to death when the bank of said ditch was pushed in on him by a large vehicle propelled by gasoline passing on said highway at said time and place." We find no evidence sustaining such allegation. (Italics ours).
For these reasons, the judgment appealed from is affirmed.