Abraham B. Margulies, J.
The plaintiff, the holder of a New York Family Combination Automobile Policy issued by the defendant, seeks to recover for medical expenses by reason of the following clause: “To pay all reasonable expenses incurred within one year from the date of the accident for necessary medical * * * services: To or for the named insured and each relative who sustains bodily injury * * *; caused by accident, while occupying or through being struck by an automobile ’
The plaintiff was a passenger in an automobile whose driver was attempting to park when he requested assistance of the plaintiff. The plaintiff left the automobile, and while directing the driver, the rear of the automobile came into contact with a pole which hit the plaintiff. The plaintiff, who was still under medical care, notified the defendant about six weeks after the occurrence in a letter stating, “ I did not report this any sooner because I did not know that under my policy * * * I am covered under the medical payment clause.”
There are two points to be determined: (1) whether the required notice was given to the defendant, and (2) whether the injuries sustained by the plaintiff were caused by an accident while occupying or through being struck by an automobile.
Even though the policy in question is called “ New York Family Combination Automobile Policy ” it is essentially what is commonly called a liability policy, and as such is governed by section 167 of the Insurance Law which provides for certain standard provisions.
Prior to 1959 there may have been some question as to whether or not the plaintiff had given to the defendant notice as required by the terms of the policy. Much difficulty appeared to have existed as to Avhat was reasonable notice. Further, the courts relied upon estoppel and waiver to add to the confusion.
In the case before this court there appears that the defendant had ample notice under the circumstances, and certainly there appears that the defendant was not prejudiced in any manner by the six-week delay in receiving notification of the accident. As a matter of fact, the defendant did not raise the question until the middle of the trial.
Subdivision 8 of section 167 of the Insurance Law, effective April 21, 1959, now provides: “If under a liability policy * * * an insurer shall disclaim liability or deny coverage * # * it shall give Avritten notice as soon as is reasonably possible ”. This was not done.
The second point concerns itself with an interpretation of the words ‘ ‘ while occupying or through being struck by an auto *1083 mobile”. Since the words used in this policy are of recent origin, there appears to be few cases on the subject. However, we do have some well-established principles to guide us.
A contract of insurance is to be construed according to the sense and meaning of the terms used, which if clear and unambiguous, are to be understood in their plain, ordinary, and popular sense. (Auerbach v. Maryland Cas. Co., 236 N. Y. 247.) However, if there is any ambiguity the provision will be construed most strongly against the insurer, and in favor of the insured. (Rolker v. Great Western Ins. Co., 3 Keyes 17.) As this court sees the undisputed facts, the plaintiff was injured by an accident while occupying or through being struck by an automobile.
Even though the plaintiff was not physically in the automobile at the time of the accident, that did not exclude the plaintiff from recovery.
A somewhat similar situation was reviewed extensively by Mr. Justice Boccia of the Municipal Court of the City of New York in a case tried in the Borough of The Bronx in 1952 and which is reported. (Katz v. Ocean Acc. & Guar. Corp., 202 Misc. 745.)
In said case the plaintiff, the holder of an insurance policy issued by the defendant, sued to recover under the medical payments clause of the policy which reads as follows: “To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional, nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission.”
The plaintiff’s wife left the automobile; was in the act of locking the car, and to avoid another automobile hitting her, ran to the rear of her husband’s vehicle where she was crushed by reason of the impact between the two cars. The question to be determined in said case was whether or not the plaintiff’s wife was injured by accident while in or upon entering or alighting from the automobile. Mr. Justice Boccia found that she was.
Lacking authority in this jurisdiction except for the Lokos v. New Amsterdam Cas. Co. (197 Misc. 40, affd. 197 Misc. 43), Mr. Justice Boccia reviewed decisions in sister States and accepted the reasoning and authority based upon judgments rendered therein.
*1084 If it is uncertain, in view of the general tenor of the policy and the apparent object of the parties, whether given words are used in a restricted or enlarged sense, other things being equal, that construction should be adopted which is beneficial to the insured. (Ginell v. Prudential Ins. Co. of America, 237 N. Y. 554.)
The apparent purpose of the clause in question was to compensate the policyholder in the event he incurred medical expenses in connection with an automobile accident. This is the sense and the meaning of the words used. This is what one would understand them to be in ordinary common speech.
This court finds that the plaintiff is entitled to recover the sum of $610 for necessary medical services together with interest as demanded.