152 So.2d 66 (1963)
Anthony J. BOWAB, Plaintiff and Appellee,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant and Appellant.
No. 819.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1963.
Rehearing Denied May 1, 1963.
Certiorari Refused June 14, 1963.
*67 Davidson, Meaux, Onebane & Donohoe, by James E. Diaz, Lafayette, for defendant-appellant.
Johnson & LeBlanc, by Robert E. Johnson, Iberia, for plaintiff-appellee.
Before TATE, FRUGE and HOOD, JJ.
HOOD, Judge.
This is an action to recover medical and hospital expenses allegedly due plaintiff under the "Medical Payments" provision of an automobile liability insurance policy, and to recover penalties and attorney's fees. The suit was instituted by Anthony J. Bowab, the named insured in that policy, against St. Paul Fire and Marine Insurance Company, the insurer. The defendant denies liability on the ground that the medical payments provision of the policy is not applicable under the facts presented here. After a trial on the merits, the district court rendered judgment in favor of plaintiff for the medical and hospital expenses which it found to be due, but it rejected plaintiff's demands for penalties and attorney's fees. Defendant appealed from that judgment, and plaintiff has answered the appeal demanding that the award be increased and that penalties and attorney's fees be allowed.
The undisputed facts are that on May 8, 1961, plaintiff backed his boat trailer, then attached to one of his insured automobiles, into a shed for the purpose of changing one of the wheels of the trailer. He then disengaged the trailer from the automobile, jacked up one side of the axle of the trailer, and proceeded to remove a wheel from the trailer. After removing the wheel, he noticed that some bolts were missing from it, so he laid the wheel, with the inflated tire still on it, on a table in the shed in order that he could replace the missing bolts. Immediately thereafter he obtained some bolts, and as he was attempting to put one of these bolts on the wheel the tire exploded, causing the tire and a part of the wheel to strike plaintiff's left forearm and hand. Plaintiff sustained serious injuries to the arm and hand as a result of that accident, and he has incurred substantial medical and hospital expenses as a result of those injuries.
Plaintiff's purpose in removing the wheel from the trailer was to replace it with a new wheel and tire which he had purchased, and he intended to use the wheel which had been removed as a "spare" or an "extra." After the accident occurred, the wheel (including the same tire) which had caused the injury was repaired, and since that time *68 plaintiff has kept it in his garage, except that he carries it in the trunk of his car when he uses the trailer so it will be available for use as a spare if needed. Plaintiff testified that since the accident the old wheel and tire have been used exactly as he intended for them to be used when he removed them from the trailer.
At the time the accident occurred, there was in effect a family automobile insurance policy issued by defendant to plaintiff, covering two automobiles owned by plaintiff, with identical coverage for each such vehicle. One of the coverages provided by the policy is "Medical Payments, $1,000 each person." With reference to this coverage, the policy obligates the defendant insurer to pay medical and hospital bills:
"To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' caused by accident, while occupying or through being struck by an automobile;" (Emphasis added).
The policy also provides in connection with the medical payments coverage that "`an automobile' includes a trailer of any type." There is no question, therefore, but that plaintiff would be entitled to recover medical and hospital expenses under the medical payments provision of the policy if he, in fact, was struck by the trailer.
The principal issue presented here is whether, under the facts and circumstances presented in this case, plaintiff was struck by the trailer, within the meaning and intent of the medical payments provision of the policy. Plaintiff contends that he was, while defendant contends that he was not. Since the facts are not disputed, this issue must be resolved by an interpretation of the insurance contract.
The LSA-Civil Code sets out the following pertinent rules which are to be applied in interpreting agreements:
"Art. 1945. Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
* * * * * *
"SecondThat courts are bound to give legal effect to all such contracts according to the true intent of all the parties;
"ThirdThat the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;
"FourthThat it is the common intent of the partiesthat is, the intention of allthat is to be sought for; if there was a difference in this intent, there was no common consent and, consequently, no contract.
"Art. 1946. The words of a contract are to be understood, like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use.
"Art. 1950. When there is anything doubtful in agreements, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms."
In the absence of a statute to the contrary, insurance companies have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, so long as they are not inconsistent with public policy. Although it is a rule of law that any doubts concerning the meaning of an ambiguous provision in an insurance contract should be resolved against the insurer and in favor of the insured, courts have no right or authority to write or to make a new contract of insurance for the parties, and if the language of a policy is clear and unambiguous, the agreement must be enforced as written. Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 734; Green v. National Bellas Hess Life Insurance Company, *69 La.App. 3 Cir., 124 So.2d 397, and cases cited therein.
The only Louisiana cases which we have been able to find involving an issue similar to the one presented here are Brown v. Life & Casualty Ins. Co. of Tennessee, La.App. 2 Cir., 146 So. 332, and Patin v. Life & Casualty Ins. Co. of Tennessee, La.App. 1 Cir., 45 So.2d 218. In the Brown case plaintiff, while standing on a street corner, was injured when he was struck by a wire which was attached to some pipe being transported by a passing truck. He sought to recover under an Industrial Travel and Pedestrian Policy which provided for the payment of benefits only, "If insured shall be struck by actually coming in physical contact with a vehicle itself." The court held that plaintiff was not entitled to recover because the wire was not an accessory to or part of the truck. In so holding, the court said:
"Though the parties are not supposed to intend a contract of insurance so limited in scope as to be valueless, such a situation does not confront us here. The usual injury from an automobile results from being struck and run down by the vehicle itself. This is insured against. All that is excluded is the freak or unforeseen accident such as that occurring in the present case. This is not unreasonable, considering the premium paid and the other natural contingencies covered by the policy.

* * * * * *
"The canon of construction that where the terms of an insurance policy are of doubtful meaning, construction favorable to the insured will be adopted, furnishes no warrant for avoiding hard consequences by importing into contracts an ambiguity which otherwise would not exist, or, under the guise of construction, forcing from plain words unusual and unnatural meanings." (Emphasis added)
In the Patin case, supra, the widow of the decedent sought to recover under a policy containing a provision similar to that involved in the Brown case. Plaintiff's husband was working in a ditch and he was killed when a heavy truck drove close to the edge of the ditch causing it to "cave in on him." The court held that plaintiff was not entitled to recover because the policy was not "broad enough to include a mere vibration which would then cause the caving in of a ditch."
A review of decisions of courts of other states reveals that recovery has been allowed in some instances, and has been denied in others, where the issues have been similar in some ways to those presented here. In Maness v. Life & Casualty Ins. Co. of Tennessee, 161 Tenn. 41, 28 S.W.2d 339, for instance, the Supreme Court of Tennessee allowed recovery for an eye injury sustained by the insured when he was struck by a stone thrown from the road by a moving automobile. The policy provided for the payment of benefits if the insured should be "struck by a vehicle." The court, in allowing recovery, reasoned that "a blow from the automobile was the efficient and proximate cause of his injury," and that "the agency which inflicted the blow was a moving vehicle upon a public highway, against blows from which he had contracted for indemnity."
In Gilbert v. Life & Casualty Co. of Tennessee, 185 Ark. 256, 46 S.W.2d 807, recovery was allowed by the Supreme Court of Arkansas when the insured was struck and killed by a cable, which was attached to a tractor and which had slipped off a stump as the tractor endeavored to pull the stump out of the ground. The court held that being struck by the cable attached to the tractor was equivalent to being struck by the tractor.
The Supreme Court of Mississippi, in State Farm Mutual Automobile Insurance Company v. Johnson, 242 Miss. 38, 133 So. 2d 288, held that the decedent had been *70 "struck by the automobile," within the meaning of the medical payments provisions of the policy there involved, where a piece of timber was thrown by the spinning wheels of the car against the decedent, causing injuries from which he died. In reaching that decision the court cited and apparently relied on the Maness case.
In at least two other cases, however, recovery has been denied where the facts were almost identical to those presented in the Johnson case, supra. In Gant v. Provident Life & Accident Ins. Co. of Chattanooga, Tenn., 197 N.C. 122, 147 S.E. 740, the Supreme Court of North Carolina held that plaintiff had not been "struck by a moving automobile," when a plank was hurled against her with great force by the revolving wheels of an automobile. And, in Quinn v. State Farm Mutual Automobile Insurance Company, 238 S.C. 301, 120 S.E.2d 15, where a piece of timber was thrown against plaintiff by the spinning wheels of a car, the Supreme Court of South Carolina held that plaintiff had not been struck by an automobile, and thus was not entitled to recover under the policy which provided coverage for injury received when "struck by an automobile."
In Harley v. Life & Casualty Ins. Co. of Tennessee, 40 Ga.App. 171, 149 S.E. 76, the Court of Appeals of Georgia held that a policy insuring against being "struck, or knocked down, or run over * * * by a vehicle" did not cover an injury to the insured inflicted by a nut which flew off a passing automobile and struck him in the eye. The court held that "[a] nut, flying off of an automobile, is not an automobile or a substantial portion thereof."
The facts in Eynon v. Continental Life Ins. Co. of Missouri, 252 Mich. 279, 233 N.W. 228, decided by the Supreme Court of Michigan in 1930, are somewhat similar to the facts in the instant case. There, the decedent stopped his automobile at a street curb to inflate a tire. While he was putting air into the tire it exploded, causing the outer rim and tire to strike his face and body, and resulting in injuries from which he died. The plaintiff demanded benefits under a policy which provided coverage for injuries "by being struck or knocked down or run over * * * by an automobile." The court rejected the demands, stating that "The insured was not riding in or driving his car, nor was he accidentally thrown from his car, neither was he struck or knocked down or run over by a motor vehicle within the terms of the policy."
Among the other authorities which we have considered, in addition to those already cited, are the following: Beagle v. Automobile Club Insurance Co., Ohio Com.Pl., 176 N.E.2d 542; Black v. Hanover Insurance Company, Mun.Ct., New York City, 30 Misc.2d 1081, 220 N.Y.S.2d 168; Wright v. Beacon Mutual Indemnity Co., Ohio Com.Pl., 179 N.E.2d 547; Carson v. Nationwide Mutual Insurance Company, Ohio Com.Pl. 169 N.E.2d 506; Lingo v. Gulf Life Ins. Co., 32 Ala.App. 367, 27 So.2d 697; Kennedy v. Maryland Casualty Co. of Baltimore, Md., 5 Cir., 26 F.2d 501; Madden v. Farm Bureau Mut. Automobile Ins. Co., 82 Ohio App. 111, 79 N.E.2d 586. Also, we have noted the comments in 138 A.L.R. 411-412; 29A Am.Jur., Sec. 1242, pages 382-383; ApplemanInsurance Law and Practice, Vol. 1, Section 572, pages 699-703.
We note that in all of the cases which we have found where recovery has been allowed on the ground that the claimant was "struck" by a vehicle, the vehicle itself was moving, its wheels were turning, or in some manner its momentum or power provided the force for the blow. As stated by the Louisiana Second Circuit Court of Appeal in the Brown case (146 So. 332), "The usual injury from an automobile results from being struck and run down by the vehicle itself. This is insured against." We think that is true in the instant suit. The policy here provided coverage for injuries sustained from being "struck by an *71 automobile." Applying the common and usual signification to those words, as required by Article 1946 of the LSA-Civil Code, we conclude that the parties to the insurance contract intended that plaintiff was to be insured against the usual injuries from an automobile (or trailer in this case) resulting from being struck, run into or run down by the vehicle, and that there was no intent to provide coverage for the unusual type of accident which occurred here, where the trailer did not in any way participate in causing the blow. See also American Casualty Company of Reading, Pennsylvania v. Cutshall, 205 Tenn. 234, 326 S.W.2d 443; 78 A.L.R.2d 1054.
If plaintiff's reasoning were followed, it seems to us that it could lead to some absurd results. For instance, if plaintiff should sustain an injury at some time in the future by dropping the old wheel on his foot as he was moving it from one place to another in his garage, then it would logically follow, according to plaintiff's theory, that he would be covered as having been struck by the trailer. The same reasoning could be applied to injuries caused by the dropping, throwing or breaking of any old bolt, nut or part which formerly had been attached to the trailer, although the trailer itself did not in any way participate in causing the blow. We do not interpret the medical payments provision of the insurance contract as providing any such broad coverage.
In our opinion, the trial court erred in finding that the injuries sustained by plaintiff in this case were covered under the medical payments provision of the policy, and accordingly, the judgment allowing recovery must be reversed. In view of that conclusion it is not necessary for us to consider the issues raised by the answer to the appeal.
For the reasons herein set out, therefore, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant and against plaintiff, rejecting plaintiff's demands at his costs. All costs of this appeal are assessed to plaintiffappellee.
Reversed.
TATE, J., dissents and assigns written reasons.
TATE, Judge (dissenting).
I respectfully dissent. In reversing the trial court, the majority has ignored the well-settled Louisiana rule of construction that any ambiguities in an insurance contract must be resolved against the insurer and in favor of affording coverage to the policyholder.
For an additional premium, the defendant insurer issued an additional contractual coverage obligating it to pay reasonable medical expenses incurred by "the named insured and each relative" sustaining accidental bodily injuries "through being struck by an automobile". The named insured herein was struck and his arm broken by the tire-rim and tire of his vehicle. Nevertheless, he has been denied recovery.
The majority has very generously rewritten the policy clause so as to exculpate the insurer from liability unless the injured party is "struck by an entire automobile in motion." (Italicized words added.) This no doubt may provide a sensible limitation by the insurer of its liability under the clause, and in fact some insurers do so limit their liability by clauses to such effect (cf., Lingo v. Gulf Life Ins. Co., 32 Ala.App. 525, 27 So.2d 697, certiorari denied, 248 Ala. 367, 27 So.2d 700).
But this insurer in the present policy did not so limit its liability. While the majority may be commended for its generosity in rectifying this oversight, it does so to the detriment of the contractual rights of the insured.
To recapitulate the present facts: The insured desired to change a wheel on his vehicle. He jacked up one side of the axle and removed the wheel. At this time he *72 discovered some missing bolts, and he immediately set the tire on the table and was replacing a bolt when the tire-rim exploded. The tire and rim struck and broke his arm. So far as the record reveals, he had not turned aside to any other task nor left the premises, and the explosion occurred almost immediately after he had removed the wheel of the vehicle. The vehicle was still jacked up, with the wheel missing at the time of the explosion.
Admittedly, one can reasonably conclude under these circumstances that the insured was not struck by the vehicle, since the wheel had just been removed from it. On the other hand, he was no less struck by the vehicle's exploding parts a few seconds after they had been temporarily detached, than he would have been had the explosion occurred just as the insured bent over to remove the wheel, or had these same vehicle parts struck him while the entire vehicle was in motion instead of only these substantial parts of it.
In short, the term "struck by an automobile" requires judicial interpretation to ascertain whether it applies to the present facts.
Does it mean, as the majority suggests, "struck by an entire automobile in motion"? If so, the judicial mind has supplied the italicized words by way of interpretation.
On the other hand, when a person is "struck by an automobile", he is always struck by some part of an automobile. Is the injured person any less "struck by an automobile" when the same parts of the automobile strike him as they are being removed or just after they have been removed?
When a person is struck by a vehicle in motion, he comes into contact with only a few of the many parts which make up the whole vehicle. It can reasonably be said that he is no less struck by the "automobile" when the striking part is still attached to the vehicle, just as much as when the part of the automobile hits him just after flying off or being detached from the main body of the vehicle.
For instance, a motorist is nevertheless struck by a vehicle when the wind blows the door against him after he alights. (See facts in Lingo v. Gulf Life Ins. Co., cited above, where the motorist lost his eye as a result of such a mishap.) The insured is no less struck by a truck when its tailgate drops against him, whether the tailgate is still attached to the main body of the truck by a chain, or whether it has become detached from the body of the truck an instant before it strikes the motorist. A person who is loosening a bolt to fix the motor is struck by the vehicle if the vehicle's motor falls out onto the person and kills him, even though the vehicle as a whole is not moving.
I simply can find no authority in the words of the insuring clause to limit coverage so as to apply only to those injuries caused by an "entire" vehicle "in motion".
The majority seems to reach its result by some reliance upon the decisions in the Brown and Patin decisions cited by it. These decisions are completely inapplicable to the present question, asunlike the presentthe clauses therein were greatly qualified by affording coverage only when the insured was "struck by actually coming into contact with a vehicle itself". In the Brown case, the insured was struck by no vehicle part whatsoever, which is true also of the Patin case, where the injury was caused when a ditch caved in because of vibrations caused by the vehicle.
It has been suggested that recovery cannot be allowed herein because absurd consequences will follow, as night must follow the day, if the policy clause is so construed. "Reductio ad absurdum" arguments no doubt have a useful place in debate, but rarely are they determinative as a reason for judicial decision.
Imaginary difficulties as to any construction can always be raised by dreaming up extreme instances, but the short answer is *73 that the courts must always draw a reasonable line as to the circumference of coverage, if and when these absurd situations ever do arise. If, for instance, the detached wheel has been lying up in an attic for ten years, it may well not be considered to be still a part of an "automobile" for purposes of coverage. That, however, is not the situation before us, which involves the explosion of a portion of the vehicle immediately after it was detached from the main body but before it had been replaced or otherwise treated as no longer forming still part of the automobile which struck the injured person.
The majority pays lip service to the following principles of construction recently summarized by us in Hardee v. Southern Farm Bureau Casualty Ins. Co., La.App. 3 Cir., 127 So.2d 220, 221-222: "The principles applicable to construction of insurance policies are not disputed. In case of ambiguity, the policy provisions are construed most favorably to the insured and against the insurer, and of the permissible constructions that will be adopted which effectuates the insurance over that which defeats it. Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171; Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9; Knight v. L. H. Bossier, Inc., La.App. 1 Cir., 118 So.2d 700. On the other hand, in the absence of conflict with statute or public policy, insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, and in such event unambiguous provisions limiting liability must be given effect. Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Kennedy v. Audubon Ins. Co., La.App. 1 Cir., 82 So.2d 91."
As the scholarly majority opinion notes, the decisions in other states are divided as to whether an injured person is "struck by an automobile" within the policy intent and the ordinary meaning of language in circumstances such as the present, with some of the states construing the policy clause so as to allow recovery in such instances. Nevertheless, the majority rejects this reasonable construction adopted by some of the states, and accepts instead another reasonable construction which, essentially, is based upon the underlying intent of the insurers in affording coverage under the much more restrictive insuring clause in the policies considered by the thus-inapplicable Brown and Patin cases.
In tax law, somewhat similarly, ambiguities in tax statutes are supposed to be construed in favor of the taxpayer. Brown v. LaNasa, La., 152 So.2d 33. In resolving an ambiguity in favor of the taxpayer, the Chief Justice very recently noted that the statutory clause "is susceptible of at least two constructions or interpretations, and, therefore, ambiguous." 152 So.2d 36. (Italics added.)
In applying this common-sense test of ambiguity, it seems to me obvious that the policy provision in question is susceptible of two reasonable constructions and is "therefore ambiguous". In such instances, as we have shown, as a matter of law the courts are required to adopt that policy construction which affords protection to the insured, as against another construction which does nothowever much the court may feel that the insurance company which wrote and sold the policy and collected a premium therefor might have intended an equally reasonable construction which is, however, less favorable to its policyholder.
For the foregoing reasons, I respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
TATE, Judge (dissenting).
In his application for rehearing, the plaintiff-appellee points out that the wheel which exploded was at the time of the explosion in the process of being removed from the vehicle for the purpose of immediately placing it in the automobile trunk to be used as a spare tire. Neither the majority *74 nor dissenting opinions noted this uncontradicted testimony, showing that the wheel which exploded was still clearly part of the insured vehicle. This is an additional circumstance indicating the error into which the majority fell by its restrictive interpretation of the insuring agreement.
For the reasons set forth in my dissent to the original opinion, I am of the opinion that a rehearing should be granted.