Anthony J. Di Giovanna, J.
Cross appeals have been taken by the respective parties from an order denying both the motion by the plaintiff for summary judgment and denying the defendant’s motion for summary judgment.
The defendant issued an automobile liability policy to the owner of an automobile. Plaintiff was covered thereunder by reason of the fact that he was a resident in the owner’s household. The medical payments provision of the policy reads as follows:
“To pay all reasonable expenses incurred within one year from the date of accident for necessary medical * * * services * * *.
‘ ‘ Division 1. To or for the named insured and each relative who sustains bodily injury * * * caused by accident, while occupying or through being struck by an automobile.
*68 ‘ ‘ Division 2. * * *
“ (a) the owned automobile, while being used by the named insured, by a resident of the same household or by any other person with the permission of the named insured ”.
On October 6, 1963 plaintiff, while driving the owner’s automobile, was intercepted by a man who jumped in front of the automobile. Two other men appeared, one put a knife to the plaintiff’s throat, ordered him to pull over and get out. The three surrounded him and walked him away from the lighted intersection. He was robbed of personal belongings and brutally stabbed, which caused extensive hospitalization.
Plaintiff contends that this is an accident within the terms of the policy, entitling him to recover medical payments.
The cases cited in favor of plaintiff, McQuade v. Prudential Ins. Co. (166 Misc. 524), Lewis v. Ocean Acc. & Guar. Corp. (224 N. Y. 18), Berkowitz v. New York Life Ins. Co. (256 App. Div. 324), Mansbacher v. Prudential Ins. Co. (273 N. Y. 140), Meyer v. New York Life Ins. Co. (249 App. Div. 243), Black v. Hanover Ins. Co. (30 Misc 2d 1081), Piotrowski v. Prudential Ins. Co. (141 Misc. 172) and Floralbell Amusement Corp. v. Standard Sur. & Cas. Co. (256 App. Div. 221), have no application to the situation here involved.
The McQuade case concerned an action to recover accidental death benefits under the terms and provisions of a life insurance policy. The Lewis case involved infection of a pimple resulting in death. The Berkowitz case involved an action for double indemnity under a policy of life insurance in which a violent reaction from a fifth injection of a drug was deemed to be accidental. The Mansbacher case involved an accidental overdose of veronal. The Meyer case involved an insomniac who took a prescribed drug and suffered shock, resulting in death. The Black case involved an injury resulting when the plaintiff passenger left the automobile to aid the driver in parking it. The plaintiff directed the driver, the automobile struck a pole and the pole struck plaintiff. The Piotrowski case involved the shooting of an assured by a police officer as he was being pursued in a stolen automobile. The Floralbell case involved the question as to whether an assault upon a child by an employee of a theatre was an accident within the meaning of a public liability policy. In none of those cases was an automobile used in an assault upon the plaintiff nor was the plaintiff occupying an automobile, as in this case. There is a dearth of ease material covering a situation such as this.
'Section 4317 of volume 7 of Appleman, Insurance Law and Practice, sets up three rules which have been formulated to *69 determine insurers ’ liability under automobile liability policies: ‘ 1 1. The accident must have arisen out of the inherent nature of the automobile, as such; 2. The accident must have arisen within the natural territorial limits of an automobile, and the accidental use, loading, or unloading must not have 'terminated; 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury.”
Section 4896 of volume 8 of Appleman, Insurance Law and Practice, which specifically deals with medical payment provisions, contains no case law on this point. However, in New Amsterdam Cas. Co. v. Fromer (75 A. 2d 645 [Mun. App. D. C. 1950]) cited therein, it is stated as follows: ‘ ‘ The medical expense clause covering insured when ‘ entering ’ automobile did not obligate insurer to pay medical expenses incurred when insured was struck by passing automobile and thrown against the rear bumper of his automobile. ’ ’
Reference is made to the following also in section 4896: “ The medical payments clause covered insured’s relative for bodily injury while occupying any automobile.” (Johnson v. New Jersey Mfrs. Ind. Ins. Co., 69 N. J. Super. 184.)
Argument is made by plaintiff that because the initial assault took place while he was seated in the car, the eventual stabbing a block away continued to be an assault and that consequently he was still occupying the automobile at the time thereof. I cannot agree with this conclusion. An automobile liability policy is made for a specific purpose and certainly is not made for the purpose of providing medical payments under the circumstances of this case. Assuming for a moment that the stabbing, instead of having taken place one block from the original assault, took place on the other end of the continental United States, the argument could still be advanced, if plaintiff were correct, that such stabbing would constitute an assault while still occupying the automobile. The result would, of course, be absurd. The only cases which can be used to parallel the situation herein are Baron v. Auto Mut. Ind. Co. (247 App. Div. 731 [2d Dept., 1936]) and Green Bus Lines v. Ocean Acc. & Guar. Corp. (257 App. Div. 851 [2d Dept., 1939]).
The Baron case involved an unprovoked assault by a taxi chauffeur upon a passenger and the court held: “an unprovoked assault by a chauffeur is not so related to the ‘ operation ’ or ‘ use ’ of the taxicab as to come within the purpose of the statute.”
In the Green Bus Lines case the court said: “In our opinion defendant is not liable under the policy of indemnity for the *70 unprovoked assault upon Bose Berger by a fellow passenger.” Of course, those cases dealt with the question as to whether the assault came within the coverage for “ negligence ” in the use of the vehicle.
However, it makes no difference whether the negligence theory is involved or coverage while one is “occupying” a vehicle. The assault here took place by outsiders and was not connected in any way with the automobile other than the incidental fact that the driver was operating it at the time. I cannot believe that it was ever intended that the medical payments provision of an automobile liability policy should cover an incident like this despite the enormous amount of sympathy one feels for the injured plaintiff.
For the reasons stated, the order should be modified to the extent of granting defendant’s cross motion for summary judgment, and, as so modified, affirmed, with $10 costs to defendant.