Oliver G. Sutton, J.
Motions numbexed 9 and 23 axe consolidated hexewith and considexed togethex.
Plaintiff moves fox summaxy judgment in this action pxedicated upon the ‘1 medical payments ’ ’ pxovisions of a family automobile insuxance policy issued by defendant.
The cxitical facts axe not in dispute. Plaintiff’s infant daughtex, while a passengex in the vehicle covexed by the policy in question, was sexiously injuxed by the explosion of a pipe bomb device which had been placed undex the rear seat by “ a person ox pexsons unknown. ’ ’
The sole defense uxged by the defendant insuxex is that such an occuxxence is not an ‘ ‘ accident ’ ’ within the meaning of the policy. In support of such contention, it points to the recent case of Goetz v. General Acc. Fire & Life Assur. Corp. (47 Misc 2d 67, affd. without opn. 26 A D 2d 635, affd. without opn. 19 N Y 2d 762) and to certain opinions expressed by an authoritative commentator on the law of insurance (see 7 Appleman, Insurance Law and Practice, § 4317).
In the Goetz case, the insured vehicle was intercepted by a thief who jumped in front of it and forced the operator, at *993 knife point, to get out. The latter was then walked away from the vehicle robbed and brutally stabbed. In granting summary judgment in favor of the insurer in an action by the injured party upon a policy identical to the one at bar, two of the Justices of the Appellate Term, Second Department (who constituted the majority of the court) delivered separate opinions. In the main opinion, the result appears to have been predicated, at least in part, upon the ground that the assault did not arise out of the operation or use of the insured vehicle, but was merely ‘ ‘ incidental ’ ’ thereto. While the latter finding was, in itself, tenable enough under the circumstances presented, in my view, it was not germane to the question of whether or not plaintiff was covered under the medical payment provisions of the policy.
There is a vital distinction, both in language and in purpose, between the liability and the medical payment provisions of an automobile insurance policy. The latter provisions engender a separate obligation of the insurer wholly independent of its obligation under the former to indemnify its assured for any sums he may become legally liable to pay as damages because of “bodily injured * * * arising out of the ownership, maintenance or use of the owned automobile ”. It has accordingly been said that ‘1 insurance under the medical indorsement clause is closely akin to a personal accident policy” (8 Appleman, Insurance Law and Practice, § 4896; see, also, Distefano v. Delta Fire & Cas. Co., 98 So. 2d 310, 312 [La.]). Thus, as in the case at bar, where recovery is sought under the standard medical indorsement not only is the question of negligence irrelevant (as was noted in the Goetz case, supra), but the question of whether or not the accident which caused the injury and resulting medical expenses arose out of or was directly connected with the operation or use of the covered vehicle should also be considered immaterial (see Provident Life & Acc. Ins. Co., v. Nitsch, 123 F. 2d 600 ; Dorsey v. Fidelity Union Cas. Co., 52 S. W. 2d 775 [Texas] ; Veillon v. Combined Ins. Co. of Amer., 166 So. 2d 307 [La.]). Indeed, this conclusion seems apparent from the face of the policy in suit. The language quoted above relating to maintenance and use of the owned automobile appears only in the liability provisions. The medical indorsement, to the extent here pertinent, provides coverage under division 2: “ To or for any other person (i.e., any person other than the named insured and a relative of the named insured residing in the same household who are covered under Division 1) who sustains bodily injury, caused by accident, while occupying (a) the owned auto *994 mobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured ”. Nowhere in such indorsement is there any language to the effect that the accident must arise out of the “ ownership, maintenance or use of the owned automobile.” The word “while” is a word of time and not of causation (Provident Life & Acc. Ins. Co. v. Nitsch, supra ; Prudential Life & Cas. Ins. Co. v. Harris, 148 So. 533 [Fla.]). Accordingly the phrase “ caused by accident, while occupying (a) the owned automobile, while being used by the named insured ” may properly be construed as meaning only that the accident must occur during the period of time that the covered vehicle is being both occupied by the person who sustains the injury and used by one of the persons specified. I am thus constrained to conclude that the cases of Baron v. Auto Mut. Ind. Co. (247 App. Div. 731) and Green Bus Lines v. Ocean Acc. & Guar. Corp. (257 App. Div. 851) and the rules enunciated in section 4317 of the Appleman treatise (supra) cited in the Goetz case, are clearly inapposite to the question of construction here raised.
Furthermore, and in any event, even if the meaning of the language just quoted could be regarded as doubtful or uncertain (and I conclude that it is not), it is an elementary canon of construction that the ambiguity should be resolved in favor of the insured (Black v. Hanover Ins. Co., 30 Misc 2d 1081 ; Lokos v. New Amsterdam Cas. Co., 197 Misc. 40, affd. without opn. 197 Misc. 43).
It seems evident that under the construction of the medical indorsement thus far adopted, there is no impediment to plaintiff’s recovery. The occurrence which caused his daughter’s injuries concededly took place while she was occupying the covered vehicle and while said vehicle was being used by one of the named insureds. The only question remaining for consideration, therefore, is defendant’s contention that the placing of the bomb under the rear seat of the vehicle was an “assault ”, i.e., an intentional attempt to do injury, and that the term “ caused by accident ” would not include injuries intentionally inflicted.
It should be noted, at the outset, that in considering the question just posed, I do not regard the afore-mentioned separate opinions of the majority in the Goetz case as binding upon me. Neither squarely took the position that an intentional assault by outsiders could not be included in the term ‘1 caused by accident. ’ ’ The main opinion, as hereinabove indicated, turned, in part, upon the finding that the assault was unconnected with the use *995 or operation of the automobile (which I regard as immaterial) while the concurring opinion merely stated that ‘ ‘ the stabbing was not an accident within the purview of the medical payment provision of the policy ”, without assigning any reasons for such conclusion.
Thus, the only point upon which it can be said that both Justices clearly agreed was that the injury did not occur while the insured was “ occupying the car ”. ,In my view, this circumstance (not here present) was the only sound basis for thé result there reached and was probably the basis for the affirmances on appeal. In any event, in light of the absence of any statements by either of the appellate courts as to the reasons for their affirmances, the doctrine of stare decisis can have no application thereto (Scott & Co. v. Scott, 186 App. Div. 518).
Proceeding to the task of construction at hand, the first point to be made is that, as has already been observed-, insurance under the standard medical indorsement of a family automobile policy is closely akin to a personal accident insurance policy. It follows, therefore, especially in view of the paucity of precedents construing policy provisions of the kind here involved, that our most valuable and authoritative guideposts should be those cases and commentaries which have considered the meaning of the term “ caused by accident ” as it is used in personal accident policies.
In section 486 in volume 1A of Appleman’s Insurance Law and Practice, it is observed that where (as here) the policy contains no specific exclusion as to injuries intentionally inflicted, “If an injury is intentionally inflicted by a third person, if it is not reasonably expected by the insured, it may be entirely accidental as to him”. It is further stated that “the overwhelming weight of authority is to the effect that even though the assault or homicide was contemplated by the third person, if the insured did nothing to provoke it and was himself free from culpability, the injury or death was accidental, to him so as to permit recovery under a policy insuring against such losses, in the absence of a specific exclusion in the contract” (to the same effect, see Goldfeder v. Metropolitan Life Ins. Co., 155 Misc. 744 ; Floralbell Amusement Corp. v. Standard Sur. & Cas. Co., 256 App. Div. 221).
It is also the majority rule in cases involving personal accident policies that the insured make out a prima facie case of “ accidental injury ” within the purview of the policy by a showing that his injuries were caused by an unprovoked and unexpected assault perpetrated without his consent by “ persons unknown ” (see 1A Appleman’s Insurance Law and Practice, § 492; *996 Harrison v. Interstate Business Men’s Accident Assn., etc., 133 Ark. 163 ; Ann. 20 ALR 1123 and Ann. 116 ALR 396 and cases collated therein).
While it is true that the insurer may rebut the presumption of accidental injury created by such showing through evidence tending to indicate that the injuries were caused by the voluntary acts of either the injured party or, under the policy in suit, one of the named insureds, no evidence of such nature has been adduced, or even suggested, in the papers before me.
Upon the foregoing analysis, and upon the uncontested facts presented herein, I am of opinion that plaintiff has made out a primia facie case entitling him to a recovery and that defendant has failed to show the existence of any triable issues of fact.
The cross motion is granted and plaintiff is awarded summary judgment for the amount demanded in the complaint. The motion to preclude is denied as moot.