LEAR, Judge.
This appeal arises from a suit by the beneficiary of a policy of insurance providing coverage for accidental bodily injury or death of the insured, Ronny F. Marcum. The policy was issued by defendant, Inter-Ocean Insurance Company (Inter-Ocean), *461 and named plaintiff, Mrs. Lollie Mae Mar-cum, the insured’s mother, as the death beneficiary.
The policy was issued to Marcum on April 24, 1974, as a group policy available to members of the Louisiana Automobile Association, Inc. The policy insures against loss which results from accidental bodily injury or death sustained by the insured, which occurs in the manner described in the policy. At issue here is the coverage provided under Part 3, entitled “AUTOMOBILE, TRUCK, TAXICAB, SCHOOL BUS, PEDESTRIAN AND AIRPLANE ACCIDENTS”, which provides, in pertinent part, that:
“If such injury shall be sustained:
“(c) By being struck or run over, while a pedestrian, by a moving automobile, truck, public passenger bus or trackless trolley;
the company will pay the indemnity provided in Column 3 of Section One . . . . ”
The indemnity provided for loss of life under such circumstances is $1,000.00. However, after the policy has been in effect for a minimum period of one year, it provides for an “Accumulative Benefit”, under which ten percent of the indemnity is added for each consecutive annual renewal until one hundred percent has been added to the original sum.
The evidence, which was introduced under a joint stipulation, shows that on September 7,1976, the insured was engaged in his regular employment with the Louisiana Department of Highways in Baton Rouge, Louisiana. The crew with whom Mr. Mar-cum was working had stretched a cable, approximately eighteen inches above the surface of the roadway, across Evangeline Avenue at its intersection with Plank Road. While Marcum was standing in the roadway, a westbound vehicle on Evangeline, without seeing the cable or being warned of its presence, struck the cable, which became entangled in its bumper. As the vehicle proceeded, the cable wrapped around Mar-cum’s feet, and he was dragged along the roadway and died.
Plaintiff filed a claim under the policy and defendant thereafter denied the claim on the basis that the injuries were not covered under the terms and conditions of the policy. After a trial on the merits, the court rendered judgment for plaintiff in the amount of $5,000.00, together with legal interest from date of judicial demand until paid. Written reasons were not issued by the court, and the judgment does not specify what amount was awarded under the policy and what amount, if any, was awarded as penalties and/or attorney’s fees.
On appeal, defendant contends that the trial court erred in finding coverage and holding defendant liable under the terms and conditions of the policy of insurance, and also as to the amount of the award.
Although it does not contest the fact that the insured died while a pedestrian, defendant contends that this did not occur by the insured’s “being struck or run over ... by [a] moving vehicle . . .”, and therefore no coverage is provided under the terms of the policy. While no Louisiana case has dealt with this exact factual situation, defendant cites a number of Louisiana cases in support of its position.
The first case cited by defendant is that of Brown v. Life & Casualty Ins. Co. of Tennessee, 146 So. 332 (La.App. 2nd Cir., 1933). In that case, a pedestrian standing on a street corner was struck by a wire which was attached to a load of pipe on a truck. The court found that the wire was in no way attached or necessary to the truck and disallowed recovery under the insurance policy. Its decision was based on the clear language of the policy, which provided coverage, “if insured shall be struck by actually coming in physical contact with a vehicle itself.” The policy provisions in Brown are distinguishable from those in the instant case.
The next case cited by defendant is Patin v. Life & Casualty Ins. Co. of Tennessee, 45 So.2d 218 (La.App. 1st Cir., 1950). In that case, the insured was working in a ditch and was killed when a heavy truck drove close to the edge of the ditch, causing it to cave in on him. While finding no coverage, *462 this decision was again based on the clear language of the policy, which provided coverage “if the injured shall be struck by actually coming in physical contact with a vehicle itself and not coming in contact with some object loaded on or attached thereto, or some object struck and propelled against the person by said vehicle .. .. ”
In another case cited by defendant, Bowab v. St. Paul Fire & Marine Insurance Company, 152 So.2d 66 (La.App. 3rd Cir., 1963), the insured was injured when a tire, which he had removed from the trailer and placed on a workbench, exploded, causing the tire and part of the wheel to strike him. The policy provided for coverage for injury “through being struck by an automobile.” While the court found that the trailer was included in the term “automobile” the court, in denying coverage, noted that:
“. .. In all of the cases which we found where recovery has been allowed on the ground that the claimant was ‘struck’ by a vehicle, the vehicle itself was moving, its wheels were turning, or in some manner its momentum or power provided the force for the blow. [Emphasis added.]
“. .. We conclude ... that there was no intent to provide coverage for the unusual type of accident which occurred here, where the trailer did not in any way participate in causing the blow." [Emphasis added.]
We find the cases relied upon by defendant to be factually distinguishable from this instant case. Defendant has cited no Louisiana case which interprets the phrase “struck by an automobile” to require that there be physical contact between the insured and the vehicle, in the absence of specific policy language to that effect.
In the case of Blanchard v. Hanover Insurance Company, 250 So.2d 484 (La.App. 1st Cir., 1971), we had occasion to interpret the phrase “struck by an automobile”. In Blanchard, plaintiff was injured while driving a pickup truck, which was involved in a collision with another vehicle. The policy provided for the payment of medical expenses if the insured sustained injuries “through being struck by an automobile .... ” In finding coverage, we held that this phrase does not require that there be physical contact between the insured and the other vehicle involved in the accident.
Following this same rule, and even more similar to the facts of this instant case, is the decision in Easley v. Firemen’s Insurance Company of Newark, New Jersey, 372 So.2d 1067 (La.App. 3rd Cir., 1979). In Easley, the medical payments provisions of the policy required payment to an insured who was injured “through being struck by an automobile or by a trailer of any type.” The accident occurred when a trailer of a tractor-trailer rig was struck by a railroad train as it crossed the tracks. The collision derailed the train and caused the explosion of a tank car carrying combustible materials. Plaintiff, a pedestrian-bystander, was burned by the fireball which erupted from the damaged tank car. In allowing recovery the court interpreted this phrase as not requiring the insured to be actually physically struck by the motor vehicle (trailer) itself.
It is well settled that, in the interpretation of insurance contracts, any ambiguity is construed against the insurer who prepared the policy, Zurich Insurance Company v. Bouler, 198 So.2d 129 (La.App. 1st Cir., 1967); Blanchard v. Hanover Insurance Company, supra, and that policy exclusions are to be strictly construed and any ambiguity in such respect is to be resolved in favor of coverage. Bezue v. Hartford Accident & Indemnity Co., Hartford, Conn., 224 So.2d 76 (La.App. 1st Cir., 1969); Blanchard v. Hanover Insurance Company, supra. If defendant had intended to exclude coverage unless the insured was injured by actually coming into physical contact with the automobile itself, it could have easily done so. We find that this is not the case here, and that a common understanding of the phrase “struck by an automobile” encompasses the factual situation in this instant case. Thus, plaintiff should recover in this case.
The next issue is what amount should have been awarded to plaintiff un *463 der the terms of the policy. The insured was killed by an automobile, and the policy provides that in such cases “the company will pay the indemnity provided in Column 3 of Section One.” This amount is clearly $1,000.00. Under the “Accumulative Benefit” provision, however, since the policy had been in effect for the minimum period of one year, and there had been two consecutive annual renewals of the policy, an additional twenty percent of the death benefit should be added. Thus, the amount payable to plaintiff under the terms of the policy is $1,200.00.
Plaintiff has pointed out no other provisions of the policy which would increase this amount, and we therefore find that the death benefit recoverable by plaintiff under the policy is in the amount of $1,200.00 only.
Plaintiff contends that the additional amount of $3,800.00 was properly awarded by the trial court as penalties and attorney’s fees. We do not agree.
The insurance policy at issue here is an accident policy, which is covered by the provisions of LSA-R.S. 22:657. Claims for accidental death arising under such policies are governed by Subsection B, which provides that:
“All claims for accidental death .. . shall be settled by the insurer within sixty days of receipt of due proof of death and should the insurer fail to do so without just cause, then the amount due shall bear interest at the rate of six percent per annum from date of receipt of due proof of death by the insurer until paid.”
In awarding an amount beyond that recoverable under the policy, the trial court apparently found that defendant had failed to pay the claim without just cause. While we agree with the trial court in this regard, we note that Subsection B makes no provision for the payment of attorney’s fees in any case.
For the foregoing reasons, the judgment of the trial court is amended and judgment is hereby rendered in favor of plaintiff, Lollie Mae Marcum, and against defendant, Inter-Ocean Insurance Company, in the amount of One Thousand Two Hundred and No/100 (1,200.00) Dollars, together with interest on said amount at the rate of six (6%) percent per annum from October 8, 1976, until paid, plus legal interest on all amounts due from the date of judicial demand until paid.
AMENDED, AND AS AMENDED, AFFIRMED.