124 So.2d 397 (1960)
Sam GREEN, Sr.
v.
NATIONAL BELLAS HESS LIFE INSURANCE COMPANY.
No. 132.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
C. O. Brown, Alexandria, for plaintiff-appellant.
Gist, Murchison & Gist, by James T. Trimble, Jr., Alexandria, for defendant-appellee.
Before TATE, FRUGE and HOOD, JJ.
HOOD, Judge.
Plaintiff instituted this suit to recover disability benefits, penalties and attorney fees under a policy of accident insurance issued by the defendant company. From a judgment dismissing the suit plaintiff has appealed to this court.
*398 The plaintiff was employed by the Rapides Packing Company as a helper on a truck and trailer which was used to collect garbage from various establishments in the Alexandria area and to haul this garabage back to the Rapides Packing Company where it was used to feed hogs. On September 20, 1958, the date the accident allegedly occurred, the truck had returned to the Rapides Packing Company where the driver stopped, and plaintiff, who had been riding as a passenger, got out of the truck and went around to the rear of it to hook the trailer to the truck. Plaintiff testified that he "jerked" the trailer up to hook it to the truck and in so doing hurt his back. The record shows conclusively that at the time the alleged injury was sustained, plaintiff was neither driving nor riding in the truck, although he had driven the truck on previous occasions and had been riding in the truck a few minutes prior to the time the accident is alleged to have occurred.
The insurance policy upon which this suit is based contains the following statement stamped plainly across its face: "This Is A Limited Policy. Read It Carefully." In Part One of the policy defendant obligated itself to pay the benefits named in Part Two of that policy if such injuries are sustained under certain circumstances, one of such circumstances being:
"(15) While the Insured is riding in or driving any motor truck."
Plaintiff contends that he is entitled to recover under the above quoted provision of the policy, even though he was not actually riding in or driving the truck at the moment the injury was sustained. He argues that he had been riding in and driving the truck immediately prior to the time the accident occurred, that hooking the trailer to the truck was an integral part of the whole operation, without which garbage could not be collected, and that his getting out of the truck and hooking up the trailer were acts incidental to his riding in or driving the truck.
In the absence of a statute to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations, not inconsistent with public policy, and courts have no right to add anything to their contracts or to take anything from them. Muse v. Metropolitan Life Insurance Company, 1939, 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Kennedy v. Audubon Insurance Company et al., La.App.1955, 82 So.2d 91. While it is a rule of law that any doubts concerning the meaning of an ambiguous provision in an insurance contract should be resolved against the insurer and in favor of the insured, courts have no right or authority to write or make a new contract of insurance for the parties, and if the language of a policy is clear and unambiguous, the agreement must be enforced as written. Albritton v. Fireman's Fund Insurance Company, 1953, 224 La. 522, 70 So.2d 111; Kendrick v. Mason et al., 1958, 234 La. 271, 99 So.2d 108; Schonberg v. New York Life Insurance Company, 1958, 235 La. 461, 104 So.2d 171; Jones v. Standard Life & Accident Insurance Company, La.App.1959, 115 So.2d 630; Moore v. Stuyvesant Insurance Company of New York, La.App. 1957, 98 So.2d 911.
The provisions of the policy upon which this action is based are clear and unambiguous. The policy provides that for the insurer to be liable, the insured must have been injured while "riding in or driving any motor truck." Although it appears that the appellate courts of this State have never considered or determined the exact issue presented here, courts in other jurisdictions have held that the insured cannot recover under a policy containing a condition similar to that involved here unless the insured actually was riding in or driving the vehicle at the time the accidental injury is sustained. Eynon v. Continental Life Insurance Company of Missouri, 1930, 252 Mich. 279, 233 N.W. 228; New Amsterdam Casualty Company v. Rust, 1932, 164 Tenn. 22, 46 S.W.2d 70; Wertman v. Michigan *399 Mutual Liability Company, 1934, 267 Mich. 508, 255 N.W. 418; Life & Casualty Insurance Company of Tennessee v. DeArman, 1936, 192 Ark. 11, 90 S.W.2d 206.
In this case, since plaintiff was not riding in or driving a motor truck at the time of the alleged accident, no benefits are due him under the provisions of the insurance contract entered into between him and defendant.
For the reasons herein assigned, the judgment appealed from is affirmed.
Affirmed.