■ ALICE BROWN, Respondent, v. HEARTHSTONE INSURANCE COMPANY OF MASSACHUSETTS, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: This controversy was submitted upon an agreed statement of facts. Plaintiff was named as beneficiary in certain policies issued by defendant upon the life of plaintiff's daughter. The policies provided for payment of stated amounts if death occurred (absent certain exceptions here immaterial) " While (insured was) driving or riding in any automobile ". Insured met her death from carbon monoxide asphyxiation while sitting with her boy friend in an automobile parked on a private road about one tenth of a mile from a secondary road. The hour was sometime after 11:00 in the evening. The vehicle and the two bodies were found some 36 hours later. The emergency brake on the car was set, the shifting mechanism in neutral, the heater and ignition keys were set to the " on " position, and the gas tank was dry. " We all know that a contract of insurance, drawn by the insurer, must be read through the eyes of the average man on the street or the average housewife who purchases it." (Lachs v. Fidelity & Cas. Co., 306 N. Y. 357, 364.) The dictionary defines " riding " as the act or state of one who rides. " The word 'ride' * * * means 'to be carried * * * in any kind of vehicle or carriage'" (Bommarito v. North Amer. Acc. Ins. Co., 251 App. Div. 123, 124). Protection was purchased from the obvious dangers to which one riding

in an automobile may be subjected. It may be concluded from the agreed facts that at the time of death the motor of the vehicle was running and the heater operating. While the car was not moving for an unknown time, death came from one of the recognized dangers of riding in an automobile. In the speech of common men the insured was riding in the vehicle when she died. (Appeal from judgment of Allegheny Trial Term for plaintiff, in an action on insurance policies.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.