FRUGÉ, Judge.
This suit was brought by Robley Veillon to recover the sum of $562.00 under two health and accident insurance policies issued to him by the defendant insurer. In addition, plaintiff prayed for penalties and attorney fees under LSA-R.S. 22:657.
Plaintiff was a truck driver for a milk company and was engaged in delivering milk to various customers at the time of the accident. Plaintiff stopped the truck on *308 the side of the street in front of one of the customer’s homes. The gears of the truck were placed in neutral with the'motor idling. The plaintiff got up out of the driver’s seat and took a step or two toward the cooling compartment to get milk to deliver to the home of the customer. While in the process of opening the door to the cooling compartment, plaintiff struck his elbow on some hinges sticking out from the door and was injured. Plaintiff was still inside of the truck when the accident occurred.
Plaintiff thereafter brought this suit. The district court rendered a judgment in favor of plaintiff for $562.00 due under the policies, $562.00 for penalties and $250.00 for attorney fees. From this judgment defendant appeals. In his answer to the appeal, plaintiff prays for an increase in the amount awarded for attorney fees.
The defendant admits that if the accident is covered under the policies plaintiff is entitled to $562.00. But defendant denies in any event that it should be held liable for penalties and attorney fees.
' Coverage under the insurance policies. The insurance policies upon which this suit is based contain the following statement stamped plainly on them: “THIS IS A LIMITED POLICY. READ IT CAREFULLY.” In Section B of the policies defendant obligated itself to pay benefits to plaintiff if injuries were sustained under certain circumstances, one of such circumstances being:
“While actually driving or riding in any automobile, bus, trolley-bus, taxicab or truck.”
Plaintiff contends that he is entitled to recover under the policies since he was actually “driving or riding” in the truck at the time of the accident. Defendant takes the position that plaintiff was not “driving or riding” at the time of the accident and therefore is not entitled to recover under the policy.
Both sides have submitted extensive cita- " tions of authority on this subject from jurisdictions all over the United States. Summaries of these may be found in Green v. National Bellas Hess Life Insurance Co., La.App. (3rd Cir.), 124 So.2d 397; Blashfield, Cyclopedia of Automobile Law and Practice, Sec. 4126 and Sec. 4127; Appleman, Insurance Law and Practice, Sec. 571 and Sec. 572 ; 45 C.J.S. Insurance § 770.
In Blashfield, Cyclopedia of Automobile Law and Practice, Sec. 4126, it is stated that “actual motion of the car is not essential in order that one may be considered as ‘riding’ in it at the time of the injury, and a stop of the car by reason of some obstacle preventing the immediate continuance of the journey, or even by the fact that it has come to a stop for the purpose of allowing insured to alight, does not defeat recovery thereon.” (Emphasis added.) And, in an excellent opinion on this subject by Circuit Judge Hutcheson in Provident Life & Accident Ins. Co. v. Nitsch, 5 Cir., 123 F.2d 600, 603, we find the following:
“Its final point that because the automobile had come to a stop, the deceased was not, within the policy coverage, riding in it, is equally without merit. It would be difficult, we think, to conceive of a case more clearly that of riding in an automobile than the one at bar, unless indeed, the coverage must be considered as clipped at both the starting and the arriving end of a journey, so that on the one hand, it does not take effect until the car starts rolling, and on the other, it becomes ineffective the moment motion ceases, though in the first case, the insured has gotten into the car which is just about to move and in the second case the insured has not gotten out of the car which has just come to a stop.
“If this construction were right, insured would not be covered while getting into or out of the car for the purpose of riding, and the policy would be required to read as though, in lieu of the words used, there appeared in it, the words ‘while the car is in motion.’ Ap *309 pellant’s theory, carried to its logical conclusion, would require an occupant of an automobile who desired coverage to sit poised for instant flight from the car as soon as motion ceased, and might also involve some quite close distinctions as to the precise point when the motion ceased. This is an unreasonable construction which finds itself supported neither by reason nor by the authorities appellant cites. The facts of none of those cases were like those here. Authorities more in point which fully sustain the conclusions and judgment are set out in the margin.”
Considering all of the above authorities in relation to the facts of this case, we have reached the conclusion that the trial court was correct in holding that plaintiff was “driving or riding” in the truck within the meaning of the policies at the time of the accident. Plaintiff’s movements at that time must be classified as a step in the process of getting out of the truck. In present day commercial practices it must be interpreted as implicit in a contract such as the one before us that drivers of certain commercial trucks might be required to take certain steps in preparing to get out of their trucks. Such a step as remaining in the cab of the truck getting milk out of the cooler must be regarded as still in the process of “driving or riding” in the truck.
Defendant relies heavily on our decision in Green v. National Bellas Hess Life Insurance Co., supra, in arguing that plaintiff was not “driving or riding” in the truck within the meaning of the policy. But the Green case is readily distinguishable from the one at bar. In the Green case the insured was already out of the truck when the accident occurred, while in the case before us the insured was still inside of the truck.
Defendant also states that there should be no recovery because the policies cover only the usual accidents that occur while “driving or riding” and the accident in this case was not a usual one. We do not agree. “Appellant’s second point, that the only risks insured against are those arising out of and incident to the operation of an automobile, is determined against him on the face of the policy. The language it uses is not ‘as the result of’, but ‘while’ riding, etc. ‘While’ is a word of time and not of causation. A policy so written insures against all injuries occurring during the period covered. American Fidelity Ins. [of Montpelier, Vt.] v. Echols, 56 Old. 228, 155 P. 1160, L.R.A.1916D, 1176. Even where the policy uses the term ‘as the result of’ operating, driving, riding in or on an automobile, it is held in Texas that a gun shot wound, suffered while sitting in the automobile preparatory to starting it, is within the policy coverage. Dorsey v. Fidelity Union Casualty Co., Tex.Civ.App., 52 S.W.2d 775.” Provident Life & Accident Ins. Co. v. Nitsch, supra, 123 F.2d at p. 603.
Penalties and attorney fees. Defendant argues that in any event it should not be held for penalties and attorney fees. It states that its refusal to pay the claim under the policies was not unreasonable under the circumstances of this case.
In Fontenot v. Wabash Life Insurance Co., 243 La. 1049, 150 So.2d 10, 12, the Supreme Court stated as follows:
“Insurance companies, and not the insured, prepare the contracts of insurance; and health and accident policies in particular should as far as possible, be free from ambiguities and uncertainties so that the insured, usually an ordinary layman, can tell whether any sum is due to him as a result of accident or sickness. If such a policy is vague and uncertain as to the extent of coverage, and if because of such uncertainty sick benefits and hospital charges are not paid and the insured must resort to the courts to ascertain the meaning of the policy, then, in effect, he is being denied the benefits of the insurance at a time when most needed — that is, at the time of accident or resultant bodily injury or sickness; *310 at a time when such benefits are needed to provide the insured with essential medical and hospital care which possibly due to his financial condition would be denied to him without such insurance. It is for these reasons that health and accident policies should be written in such clear terms that a misinterpretation of the insurance company’s liability could not occur.”
After considering the Fontenot case and the facts of the present case the trial judge concluded that the insurance company was unreasonable in not paying plaintiff’s claim under its restricted interpretation of the “driving or riding” clause. Our reading of the record draws us to the conclusion that the trial judge was not erroneous in this conclusion.
In regard to the $250 awarded by the district court for attorney fees, we believe that such a sum was neither excessive nor inadequate.
For the foregoing reasons the judgment of the district court is affirmed.
Affirmed.