LEAR, Judge.
This case involves interpretation of an accidental death insurance policy. From an adverse judgment, plaintiff appeals and asks for penalties and attorney’s fees as provided by LSA-R.S. 22:657.
The facts are not disputed. It was stipulated by counsel that the insured, George Foster, was accidentally killed on July 18, 1966, while operating a Prentice loader, which was attached to a vehicle owned by decedent. The loader was being used at Toledo Bend Dam in Vernon Parish to pick up logs and load them onto a truck and while being so used a log fell and struck decedent, killing him. It was also stipulated that plaintiff is the minor son of Mrs. Alice Mae Foster, duly appointed tu-trix. The child was named beneficiary in the policy.
There are some eight photographs of the vehicle and loader filed in evidence. The vehicle had previously been a regular 1957 model GMC truck which had been cut down in order to permit decedent to mount and weld the loader to the vehicle. The loader’s hydraulic lift is powered by the truck engine, the loader having no power of its own.
At the time decedent was killed, he was seated on a seat attached to the loader and was operating the hydraulic lift. The log being lifted slipped out of the claw device and struck the decedent. The loader was also equipped with two legs which were lowered to the ground at the rear of the truck for the purpose of stabilizing the loader against the weight of the logs being lifted. Prior to mounting the loader, decedent got into the cab of the truck and started the engine. The engine was later stopped by decedent and a short time thereafter ' another employee climbed into the cab of the truck and started the engine the second time. This occurred some 20 or 30 *661 minutes before the accident. The insuring clause of the policy in question insures the owner of the policy against loss from accidental bodily injury sustained while “driving or riding in*’ or entering or leaving any automobile, truck or bus for business or pleasure during the term of the policy, provided such bodily injuries are caused solely by reason of an automobile, truck or bus accident. (Emphasis ours.)
Across the face of this policy is stamped “THIS IS A LIMITED POLICY, READ IT CAREFULLY”.
Defendant urges that once the Prentice loader was attached to the vehicle, the vehicle ceased to be a truck. With this we cannot agree. The vehicle in question was driven by one of decedent’s employees to the site of the accident. It was not a stationary power source. The engine that powered the loader was also used to propel the vehicle. This arrangement is found on numerous vehicles used in regular commercial business, such as winch trucks, concrete trucks, and other specialized type vehicles. Certainly the vehicle in question became specialized, but this does not change its - genus so as to remove it from the type of vehicles covered by the policy of insurance.
The issue to be decided is whether or not decedent, at the time of the accident, can be considered as driving or riding in the truck or entering or leaving the truck. Both sides have cited cases in various jurisdictions throughout the United States. This court held in Veillon v. Combined Insurance Co. of America, La.App., 166 So. 2d 307 (1964), that a milk truck driver was “driving or riding in” the delivery truck, within coverage of the insurance policy, when he stopped the truck at a customer’s home and was injured while stepping back inside the truck toward the cooling compartment to open the door. In the Veillon case, the driver had not actually left the truck at the time he was injured. It was the opinion of the court that the plaintiff was still riding in the truck, although it was no longer in motion and plaintiff was preparing to get out. The policy did not cover “leaving” the truck, so in Veillon we held he was still “riding in” the truck.
It cannot be said that the decedent in the instant case was in the process of leaving or “getting out of” the truck. In the case of Veillon v. Combined Insurance Co. of America, supra, the court cites Blashfield, Cyclopedia of Automobile Law and Practice, Section 4126, which states that “* * * actual motion of the car is not essential in order that one may be considered as riding in it at the time of the injury, and a stop of the car by reason of some obstacle preventing the immediate continuance of the journey or even by the fact that it has come to a stop for the purpose of allowing an insured to alight, does not defeat recovery thereon”.
While we agree that actual motion of the car is not essential to recovery, we cannot say that mere presence in or on the vehicle constitutes “driving or riding in a vehicle”. This vehicle had been parked for at least 30 minutes and could not have been driven without lifting the stabilizing braces. Further, there was no one in the cab of the truck at the time of the accident. It would, therefore, be stretching the imagination to say that decedent was driving or riding in the truck at the time of the accident.
Neither can it be said that decedent’s movements at the time were a “step in the process” of either leaving or entering the vehicle.
The instant case is more on all fours with the case of Green v. National Bellas Hess Insurance Company, La.App., 124 So.2d 397 (1960). In the Green case, plaintiff had alighted from the truck and was injured while hitching a trailer to the rear of the truck. Plaintiff contended that he should recover for his injury under an insurance policy which protected him while driving or riding in any motor truck on the theory that he had been riding in the truck only *662 moments before and that hitching the trailer to the track was an integral part of the whole operation. The court held that plaintiff was not driving or riding in a motor truck while injured and denied recovery. The instant case is even further removed, since operation of the loader could not be related in any way to driving or riding in the truck.
The plaintiff argues, and rightly so, that any ambiguities in the policy of insurance should be resolved in favor of the policyholder. However, the provisions of the policy upon which plaintiff relies are not ambiguous. Practically the same language was held to be clear and unambiguous in Green v. National Bellas Hess Insurance Company cited above.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.