DIXON, Judge.
This is a suit to decide whether the rider on a health and accident policy governs *97 the “exceptions” in the policy, or whether the “exceptions” govern the rider.
The plaintiff is the widow of the insured, who was killed in a gun battle while the policy was in existence. The health and accident policy provided for the payment of $1,000.00 if the insured lost his life. A rider (called “Golden Anniversary Travel Accident Death Benefit Rider”) provided for the payment of an additional $2,000.00 for accidental death. There was apparently no additional premium charged for the rider. It stated that it was operative if the injury occurred during any term of the policy beginning after April 1, 1959, if the annual premium for the policy had been paid in advance in one sum. The injury must have been received while “driving or riding in any private passenger automobile.”
There was judgment in the amount of $2,000.00 in favor of the plaintiff. The defendant appeals, but the plaintiff did not answer the appeal.
A motion to dismiss the appeal was filed. On argument it appeared that the motion resulted from mutual and excusable confusion, and was not pursued.
The health and accident policy contains the following exclusions under “Part L. Exceptions:”
“This policy does not cover: (a) suicide, sane or insane, (b) childbirth, pregnancy, or any complications thereof, except as provided in Part H, (c) injuries received while traveling by air, except as provided in Part J, (d) insanity or mental disorders, (e) venereal disease, (f) services provided by or paid for by the United States Government or any instrumentality thereof, (g) loss for which any benefits are provided by Workmen’s Compensation or Employers’ Liability, (h) loss commencing outside the United States, Canada, Alaska, Mexico, Hawaii, Canal Zone or the West Indies or (i) loss caused by act of declared or undeclared war, or sustained while in the Armed Services (upon written notice to the Association of entry into such service, the pro rata unearned premium shall be returned to the Insured).”
The rider involved contains the following provisions:
“Golden Anniversary Travel Accident Death Benefit Rider — This rider is issued to you, the person named as the Insured in the Mutual Benefit Health & Accident Association policy to which this rider is attached.
“TWO THOUSAND ($2,000.00) DOLLARS will be paid to the beneficiary named in the policy, or to your estate if no beneficiary is named, in addition to any other benefits payable under the policy if (1) you receive any of the following covered injuries during any term of the policy which begins on or after April 1, 1959 and for which an annual premium has been paid in advance in one sum, and (2) the injuries result in your death, independently of other causes, within 90 days after the date of the accident.
<( * * *
“COVERED INJURIES — Accidental bodily injuries which you receive while you are driving or riding in any private passenger automobile or while you are riding as a passenger in any land, water or air conveyance provided by a common carrier, but not including injuries resulting in death caused by suicide or act of war, or death occurring while in an Armed Service.
“ADDITIONAL PROVISIONS — This rider is subject to all provisions of the policy which are not in conflict with the provisions of this rider. If more than one rider of this form is attached to the policy, benefits will be payable under only one of them.”
Appellant’s first contention is that the decedent was not “driving or riding in any private passenger automobile” when he met his death.
*98 The relevant circumstances of the tragedy were: on July 14, 1966, Harper drove his pickup truck to check and service oil wells for his employer; the decedent’s truck was seen at a well location; witnesses saw another truck drive away with three passengers in it; within a few minutes, the decedent was found parked, lying across the cab seat, either dead or mortally wounded; both doors of the truck were closed and the windows were down. There were shell cases in the cab, as well as a carbine, a shotgun and a pistol; there were bullet holes in the truck and pieces of lead were found in the truck.
No one except the participants in the gun battle actually saw the shooting, and they did not testify. Some of them also received treatment for gunshot wounds. There is no evidence in the record that the decedent was actually “driving or riding” in a moving vehicle at the time he met his death.
However, “driving or riding” has been interpreted at least to include the act of stopping and getting in and out of the vehicle. In Veillon v. Combined Insurance Company of America, La.App., 166 So.2d 307, the plaintiff was a truck driver for a milk company. He stopped his truck, got out of the driver’s seat and took a step or two toward the cooling compartment. In the process of opening the door to the cooling compartment, plaintiff was injured when he struck his elbow on some hinges. The court allowed recovery under the policy there involved, interpreting the clause “while actually driving or riding in any automobile * * * ” to cover the situation. Under the holding of the Veillon case and the authorities there cited, it appears that the phrase “driving or riding in an automobile” includes bringing it to a stop for the purpose of alighting.
We therefore conclude that decedent’s accident is covered by the rider, unless recovery is precluded by exceptions in the policy.
The rider states that it is “subject to all provisions of the policy which are not in conflict with the provisions of this rider.” Defendant argues that this provision results in making the rider subject to all the exclusions contained in the policy. One exclusion prevents recovery if the accident is covered by workmen’s compensation. In this case, Harper’s death was covered by workmen’s compensation. The rider in the instant case has granted an additional death benefit in the event the insured is injured in an automobile. There are no restrictions on automobile travel in the policy. The death benefit listed on the face of the policy is simply for “loss of life.” The only exceptions are those listed above under “Part L.” It is not clear what the defendant intended when it wrote that the “rider is subject to all provisions of the policy which are not in conflict with the provisions of this rider.” It would have been a simple matter, if it were the intention of the defendant, to state that the rider was subject to all the exceptions in “Part L.” This the insurance company did not do. As a matter of fact, the rider itself stated that the injuries covered did not include “injuries resulting in death caused by suicide, or act of war, or death occurring while in an Armed Service.” Each of these three exceptions is specifically included in “Part L. Exceptions.” We are now asked by the defendant to engraft upon these exceptions in the rider the provision that the covered injuries shall not include those for which any benefits are provided by workmen’s compensation.
This, we think it apparent, was not the intention of the policy. The rider is, to say the least, ambiguous in its exceptions, and the ambiguities must be interpreted in favor of the insured.
Consequently, the judgment appealed from is affirmed, at the cost of the appellant.