### 47935. TOUCHTON v. ALLSTATE INSURANCE COMPANY.

SUBMITTED FEBRUARY 6, 1973 — DECIDED
APRIL 9, 1973.

*Tillman, Buice, McTier & Coleman, John T. McTier,* for appellant.

*Young, Young & Ellerbee, Cam U. Young,* for appellee.

QUILLIAN, Judge. The sole question for determination is whether the plaintiff was at the time of injury "driving for hire a land motor vehicle," so as to bring him within the provisions of Part II, Sub-Part 3 of the policy.

The plaintiff contends that "operating" and "driving" a vehicle are synonymous under the terms of the policy and therefore if it should be determined that the plaintiff was operating the vehicle he would be entitled to recover under Part II of the policy. With this contention we do not agree. To "operate" a vehicle and to "drive" a vehicle have two different meanings. As is stated in *Flournoy v. State,* 106 Ga. App. 756, 758 (128 SE2d 528): "While the word 'drive,' as used in statutes of this kind, usually denotes movement of the vehicle in some direction (see Webster's Unabridged Dictionary), the word 'operate' has a broader meaning so as to include not only the motion of the vehicle but also acts which engage the machinery of the vehicle that, alone or in sequence, will set in motion the motive power of the vehicle. Houston v. District of Columbia, 149 A2d 790; Bradam v. State, 191 Tenn. 626 (235 SW2d 801). See general annotations, 42 ALR 1498; 49 ALR 1389; 68 ALR 1356; 142 ALR 555; 29 Words & Phrases, 537 (Operate), p. 545."

In the present case while the plaintiff might have been in process of operating the vehicle at the time of his injury he was not driving it so as to bring him within the provisions of Part II of the policy.

The court's rulings on the motions for summary

judgments were correct.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*