**JUHNKE**

v.

**IMPERIAL CASUALTY & INDEMNITY CO.**

Civ. No. 72–5046.

United States District Court,
D. South Dakota.

May 31, 1973.

Curtis D. Ireland, Rapid City, S. D., for defendant.

John M. Costello, Rapid City, S. D., for plaintiff.

## MEMORANDUM DECISION

BOGUE, District Judge.

This matter comes before the Court on stipulated facts for a decision on the merits and both parties have agreed that no further evidence will be offered.

On the evening of June 9, 1972, the Walter A. Juhnke family heard a radio announcement warning all residents of Rapid City of serious flood conditions on both sides of Rapid Creek. Mr. and Mrs. Juhnke, and their nine foster children, immediately vacated their house with Mrs. Juhnke and the children riding in a 1962 Comet station wagon and Mr. Juhnke following close behind in his

---

1966 Chevrolet pickup. After traveling only a short distance the Comet stalled at the intersection of Omaha and St. Louis Streets. At that time Mr. Juhnke stopped his pickup and waded toward the stalled Comet where he assisted in getting the children out of the Comet. He then aided the children in climbing on top of the Comet. When everyone was on top of the car, Mr. Juhnke also climbed onto the top of the Comet. Shortly thereafter, a large trailer house floating in the flood waters, struck the Comet and all eleven members of the Juhnke family were thrown into the water. Walter Juhnke and seven of the foster children were drowned.

The plaintiff, Mrs. Walter A. Juhnke, is now seeking to recover $25,000 for the death of the insured, Walter A. Juhnke, under a travel and transportation accident insurance policy, issued by the defendant, which provides compensation for injury:

> "Caused by an accident which occurs while the policy, is in force, and results, directly and independently of all other causes, in loss . . . sustained . . . [w]hile the insured is riding in, operating, entering or alighting from any private passenger automobile."

Plaintiff claims that the insured, Mr. Juhnke, lost his life while "entering" or "riding in" the Comet station wagon and therefore she is entitled to recover the $25,000 under the insurance policy. Defendant disputes the plaintiff's claims and specifically contends that the death of Walter A. Juhnke was outside the scope and terms of the coverage afforded by the insurance policy mentioned above.

It is true, as plaintiff contends, that the general rules of construction indicate that "an insurance contract is to be construed liberally in favor of the insured and strictly against the insurance company" and that "any uncertainty or ambiguity in the insurance contract is to be construed most strongly against the insurance company." Dairyland Insurance Co. v. Kluckman, 201 N.W.2d 209 (S.D.1972). But the rules of construction do not give this Court the right to in any way change or rewrite the terms of the contract as they exist in the instant case. Furthermore, this Court is convinced that the terms "entering" or "riding in" are neither ambiguous nor uncertain and will therefore be given the meaning that common speech imports.

The word "entering" as defined by Webster's Third New International Dictionary means the act of going or passing into the interior of, passing within the outer cover or shell of. In our fact situation the word entering would contemplate all acts involved in going or passing into the interior of the automobile. This definition would not cover the fact situation in the instant case even in its broadest sense because Mr. Juhnke had completed all acts involved in the process of climbing on top of the car and was standing on top of the car at the time he was knocked into the water. His death did not occur while "entering" a private passenger automobile.

The more difficult question for this Court is whether the plaintiff's claim comes within the phrase "riding in" a private passenger automobile. The plaintiff contends that mere physical contact by the insured with any portion of the vehicle is sufficient in order to recover. Plaintiff has cited many cases to support its contention but this Court is of the opinion that none of the cases which discuss the phrase "riding in" or the phrase "in or upon" are authority for the plaintiff to recover in this case. The cases which discuss the phrase "riding in" are factually very different from the facts in the instant case and the cases which discuss the phrase "in or upon" are dealing with a much broader term than the words "riding in" and are not appropriate authority for this case.

The only case which this Court has been able to find which most approximates the important facts in the instant case is Foster v. United Equitable Insurance Company, 204 So.2d 659 (La.

App.1967). In that case the insured was seated on, and operating, a loader which was mounted on the rear of a truck. The truck was stopped and was temporarily unable to be driven because the braces used to stabilize the truck had all been locked securely in place. The insured was operating the loader and was accidentally killed when a log fell out of the loader and struck the insured. The Court denied recovery in that case stating that actual motion of the car is not essential to recovery but mere presence in or on the vehicle does not constitute riding in a vehicle.

The important facts in the instant case reveal that the Comet was temporarily unable to be driven because the flood waters had caused the engine to stall. Mr. Juhnke had left his own automobile in an effort to rescue the occupants of the Comet and had then climbed on top of the Comet himself. It was while Mr. Juhnke was standing on top of the Comet that the trailer house struck the Comet and knocked Mr. Juhnke into the water where he drowned. This Court readily concedes that the insured did have physical contact with the Comet, but where the car was unable to immediately be used to transport people under its own power and the insured had not been actually riding in the car when it stalled, the facts in the instant case are too far removed from even the broadest definition of "riding in" an automobile. As unfortunate as these series of events are, this Court cannot hold that Mr. Juhnke was "riding in" the automobile without, in effect, rewriting the terms of the insurance contract between the parties, an act this Court cannot do.

It is the holding of this Court that under the circumstances in the instant case, the death of Mr. Juhnke, was outside the scope of the risk contemplated by the terms "entering" or "riding in" a private passenger auto.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law as required by Rule 52 of the F.R.Civ.P.