MADDOX, Justice.
The sole question to be decided in this case is whether the insured, who was repairing a flat tire at the time he was struck and killed by an oncoming automobile was “riding in an automobile on a public street or highway,” and was therefore covered under the terms of an insurance policy. We hold that under the facts of this case, the insured was not covered and affirm the trial court’s issuance of summary judgment in favor of the insurer. The pertinent portion of the policy in question reads:
“Death by automobile accident means death for which the accidental death benefit would otherwise be payable but which results from injuries sustained while you are riding in an automobile on a public street or highway.” (Emphasis supplied).
Appellant contends that the policy language is ambiguous, and capable of many varied interpretations, and should be construed against the insurance company. He cites numerous cases from other jurisdictions for the proposition that the term “riding” does not require that the automobile must be in motion.[1]
*MXX We agree that motion of the automobile is not required, but none of the cases cited by appellant involved factual situations, or policy provisions substantially similar to those involved in this controversy. Specifically, Tyler v. Insurance Co. of North America, Inc., 331 So.2d 641 (Ala.1976), is distinguishable because the words in the policy being construed in that case were “alighting from an automobile.” If the policy here contained the words “alighting from” in addition to the words “riding in” we would be presented with an entirely different question. The facts and the policy provisions here are more similar to Eynon v. Continental Life Insurance Co. of Missouri, 252 Mich. 279, 233 N.W. 228 (1930); Wertman v. Michigan Mutual Liability Co., 267 Mich. 508, 255 N.W. 418 (1934), and Miller v. Washington National Insurance Co., 237 Wis. 475, 297 N.W. 359 (1941).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, ALMON, EMBRY and BEAT-TY, JJ., concur.

. Typical of the cases cited by the appellant are: Miller v. Inter-Ocean Casualty Co., 110 W.Va. 494, 158 S.E. 706 (1931) (insured found dead in automobile which had been stuck in the mud, died of carbon monoxide poisoning); Brown v. Hearthstone Insurance Company of Massachusetts, 19 A.D.2d 578, 240 N.Y.S.2d 239 (1963) (insured died of carbon monoxide *MXX asphyxiation while sitting with her boy friend in an automobile parked on a private road); Veillon v. Combined Insurance Company of America, 166 So.2d 307 (La.App.1964) (milk delivery truck driver injured while stepping toward cooling compartment and opening door within truck while truck was idling at customer’s home); Fowler v. First National Life Insurance Company of America, 71 N.M. 364, 378 P.2d 605 (1963) (insured injured when, as he entered the vehicle and his body was partially inside, a gust of wind blew the door shut causing injury to his legs); Standard Life & Accident Insurance Company v. Hardee, 330 S.W.2d 544 (Tex.Civ.App.1959) (insured, while standing in the bed of a truck, was killed when struck by a pole, which was being used in an effort to get the truck out of a hole in which it was stuck) and, Wright v. Aetna Life Insurance Company, 10 F.2d 281 (3rd Cir. 1926) (passenger in car killed when he struck the pavement after leaping from car which was out of control on a mountain road).