645 A.2d 1233

CATHERINE J. D'ALLESSANDRO, PLAINTIFF–RESPONDENT, v. P.F.L. LIFE INSURANCE COMPANY, A/K/A AEGON INSURANCE COMPANY, AND/OR NATIONAL OLD LINE INSURANCE COMPANY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 24, 1994—Decided July 22, 1994.

Before Judges KING, HAVEY and A.A. RODRIGUEZ.

*Michael S. Miller,* argued the cause for appellant (*Tompkins, McGuire & Wachenfeld,* attorneys; *Mr. Miller,* of counsel and on the briefs).

*Gregory D. Winter,* argued the cause for respondent (*Felzenberg, Winter & Winkler,* attorneys; *Mr. Winter,* of counsel and on the brief).

The opinion of the court was delivered by

A.A. RODRIGUEZ, J.S.C. (temporarily assigned).

Plaintiff is the named beneficiary of an accident insurance policy issued by P.F.L. Life Insurance Company (defendant) to her son Gregory. Gregory was killed instantly when struck by a car while he was preparing to attach a disabled car to his tow-truck on a public highway. Plaintiff filed a claim. Defendant paid the accidental death benefit ($7,000) but declined to pay the benefit for death arising out of the operation on a conveyance ($20,000), asserting that Gregory was a pedestrian when struck. The Law Division granted plaintiff's motion for summary judgment. We affirm.

The issue presented is whether Gregory was a pedestrian or an operator at the time of his death. The pertinent clause of the insurance policy provides:

ACCIDENTAL DEATH AND DISMEMBERMENT BENEFIT—TRAVEL ACCIDENT

If you sustain, directly and independently of all other causes, any of the losses set forth in this provision as a result of an accidental bodily injury received while you

are traveling as a passenger or operator *on* any public or private conveyance, we will pay the sum specified for such loss.... (emphasis added)

There are no issues of material fact in dispute. Gregory parked his tow-truck in the parking lane of a street. He was preparing to tow a disabled car. As he was walking toward the disabled car to turn on the hazard lights, another car approached at a high rate of speed. That car struck Gregory, who died at the scene.

Both parties agree that a tow-truck is a public or private conveyance. However, defendant quotes *Webster's Ninth New Collegiate Dictionary's* definitions of "travelling," "passenger," "operator," and "on" and concludes that "it is beyond dispute [that Gregory] was a pedestrian on the side of the road and not travelling in his wrecker."

Plaintiff notes that the definitions of "on" in *Black's Law Dictionary,* (5th ed. 1979), and *Webster's Deluxe Unabridged Dictionary,* (2d ed. 1979), include "at or near, by, or along side of a certain thing." Plaintiff argues that it is not necessary for the decedent to have been actually inside the tow-truck to be covered by the travel accident provision.

The language under scrutiny could support either plaintiff's or defendant's interpretation. "When a policy fairly supports an interpretation favorable to both the insured and insurer, the policy should be interpreted in favor of the insured." *Salem Group v. Oliver,* 128 *N.J.* 1, 4, 607 *A.*2d 138 (1992). Thus, we hold that the policy's limitation of "traveling as a passenger or operator on a ... conveyance," includes hooking a disabled vehicle to the conveyance in question.

Moreover, the policy refers to "operator," which is a broader term than "driver." 1C John A. Appleman, *Insurance Law and Practice,* § 572 (1981); *see also, Touchton v. Allstate Insurance Co.,* 128 *Ga.App.* 754, 197 *S.E.*2d 869 (1973) (policy which provided benefits if insured was injured while driving did not apply where insured sustained injuries when his hand was caught in rollers of a corn harvester). The Wisconsin Supreme Court has

held that an insured who sustains injury while pushing his car was "operating" the car within the meaning of an insurance policy. *Merklein v. Indemnity Insurance Co. of North America,* 214 *Wis.* 23, 252 *N.W.* 280 (1934). "Operator" is defined by *The American Heritage College Dictionary,* 957 (3d ed. 1993), as "one who operates a machine or device." A tow-truck is a machine whose function is to pull disabled cars. In order to do that, a person must hook and secure the car safely to the truck. Gregory was in the process of that when he was killed. Therefore, he was "operating" the tow-truck within the meaning of defendant's policy.

We reject as unpersuasive cases cited by defendant to support its claim that Gregory was merely a pedestrian and not an operator at the time of death. In *Batchelor v. Liberty National Life Insurance Co.,* 377 *So.*2d 939 (Ala.1979), the decedent's insurance policy provided accidental death benefits if the insured was killed "from injuries sustained while ... riding in an automobile on a public street or highway." Decedent was repairing a flat tire when he was struck and killed by an oncoming car. The court declined to extend coverage. *Id.* at 940. That case is distinguishable because the policy clearly states that the insured must be "*riding* in an automobile." (emphasis added).

Similarly, in *First Continental Life & Accident Insurance Co. v. Hankins,* 480 *S.W.*2d 244 (Tex.Civ.App.1972), the court declined to extend coverage to the insured who was crushed to death when the jack supporting a car failed while the insured was replacing the drive shaft. *Id.* at 248. The operative language in that policy was, "while *driving* or *riding in....*" *Id.* at 246 (emphasis added).

In *Hammer v. Old American Insurance Company,* 477 *P.*2d 855 (Okl.Ct.App.1970), the court concluded that the insured was not covered when he stepped out of his car after an accident to survey the damage and was struck by a third car. But there the insurance policy covered only "injury sustained as a result of an accident to any automobile *inside of which* such covered person is

riding, whether as *driver* or passenger." *Id.* at 855, (emphasis added).

In all of these cases, the policy required that the insured be actually *in* the vehicle when the accident occurred. No such limitation is imposed by the policy before us.

Affirmed.